IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-64-3BR
No. 5:16-CV-385-BR

| | |
|---|---|
| CHRISTOPHER EDWARD INGRAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion, (DE # 133), and motion for judgment, (DE # 189).

In 2010, petitioner pled guilty to conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 2113; armed bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 2113 ("Count Two"); and using and carrying a firearm during and in relation to a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 924(c) ("Count Three"). The court sentenced petitioner to a total term of 147 months imprisonment. Petitioner did not appeal.

In 2016, petitioner filed this § 2255 motion. He claims, based on Johnson v. United States, 125 S. Ct. 2551 (2015), his sentence on Count Three violates due process, and he seeks resentencing. (Mot., DE # 133, at 4.)

On the government's motion, the court placed this proceeding in abeyance pending the decisions in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), and United States v. Walker, 934 F.3d 375 (4th Cir. 2019). (DE # 159.) After those decisions issued, the court

directed the parties to file supplemental briefs regarding the § 2255 motion. (8/27/19 Text Order.)

In petitioner's 3 September 2019 filing, he cites to the Simms and Walker decisions and relies on the fact the Supreme Court has ruled § 924(c)(3)(B) vague. (DE # 188.) In its supplemental brief, the government argues because petitioner's conviction on Count Three was predicated on a "crime of violence"—the armed bank robbery in Count Two, the conviction and sentence on Count Three are valid, and petitioner's § 2255 motion should be dismissed. (DE # 187, at 2-3.)

A "crime of violence" for purposes of § 924(c) is defined as

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Subsection A is commonly called the force clause and subsection B the residual clause." In re Irby, 858 F.3d 231, 233 (4th Cir. 2017).

Petitioner is correct that the Supreme Court recently held that the residual clause is unconstitutionally vague. See United States v. Davis, 139 S. Ct. 2319, 2336 (2019). However, armed bank robbery is a crime of violence under the force clause. United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016). Therefore, because armed bank robbery, which served as the predicate offense for petitioner's conviction on Count Three, is a crime of violence under § 924(c), petitioner is not entitled to relief under § 2255.

Petitioner's motion for judgment is DENIED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 25 September 2019.

_____
W. Earl Britt
Senior U.S. District Judge